## Josiah Brant, Plff. in Err., *v.* George R. Dennison et al., Admrs.

An assignment, by the intestate, of the cause of action on which the administrators sued, being produced in order to defeat his right to sue, the administrators disputed the genuineness of the instrument. *Held,* on the evidence, that a verdict against the instrument should be sustained.

(Decided October 5, 1885.)

Error to the Court of Common Pleas of Somerset County, to review a judgment for plaintiff in ejectment. Affirmed.

On April 29, 1868, George R. Drips deeded to Josiah Brant hotel property in the borough of Somerset, and a 5-acre lot adjoining the borough, and took a mortgage thereon for part of the purchase money. Some portion of this mortgage remained unpaid at the death of Drips, and his administrators brought this action of ejectment to enforce payment. Brant offered, in

---

Cited in Heft v. Ogle, 127 Pa. 244, 14 Am. St. Rep. 839, 18 Atl. 19.

Note.—The act of March 27, 1865 (P. L. 38), made executors and administrators, although a party to the proceeding, but having no interest in the subject-matter of the controversy, competent witnesses. This is not affected by the right to commissions or compensation. Leckey v. Cunningham, 56 Pa. 370; Richter v. Cummings, 60 Pa. 441; Cox v. McKean, 56 Pa. 243. See Bitner's Estate, 2 Chester Co. Rep. 325, where the effort was to surcharge the accountant, and his interest was held to be different from that in his commission, and he was, therefore, incompetent to testify.

A legatee whose claim will be paid at any rate may testify against a claim. Sayers's Estate, 20 Phila. 17. Or he may support a claim when the effect is to lessen his share. Taylor's Estate, 12 Phila. 137. The distributee cannot explain away charges against himself. Gyger's Appeal, 74 Pa. 42. Nor can he support a claim for the creditor's estate, since his interest would be promoted by a recovery. Kimble v. Carothers, 81 Pa. 494; Guldin v. Guldin, 97 Pa. 411. But he will become qualified by releasing or assigning his interest. Stewart's Estate, 15 Pa. Co. Ct. 380, 3 Pa. Dist. R. 747; Steininger v. Hoch, 42 Pa. 432; Meighen v. The Bank, 25 Pa. 288; Carter v. Trueman, 7 Pa. 316.

defense of the action, a paper purporting to be an assignment of the mortgage by Drips to Mary A. Brant, wife of the defendant, and the principal controversy was as to the genuineness of this assignment. The jury returned a verdict for plaintiffs, and from the judgment entered thereon, defendant brought error.

*Coffroth & Ruppel, Koontz, Hay & Uhl* for plaintiff in error.

*McCarrell* for defendants in error.

OPINION BY MR. JUSTICE STERRETT:

While some of the specifications of error present questions not entirely free from doubt, we are not prepared to say there is any error in the rulings of the court that would justify a reversal of the judgment. The plaintiffs below had a clear prima facie case. The defense hinged on a question of fact, which was fairly submitted to the jury and by them disposed of to the satisfaction of the court below, and, so far as we are able to discover, in accordance with the weight of the evidence.

The signature, purporting to be that of George R. Drips, to each of the four receipts referred to in the 1st specification of error, was not sufficiently proved to warrant their admission as test papers. The witness did not profess to have personal knowledge of Drip's handwriting. All he could say was, that he forwarded the receipts in blank to Drips to be signed, and they were returned to him by mail in a letter from Dr. Nicholas. Without more, this was clearly insufficient proof of the genuineness of the signatures.

The signature to the check, mentioned in the 2d specification, was shown to be genuine by the admission of Drips, who handed the same with other checks to the witness, saying:

"These are my checks; count them up and see if they compare with my bank book." The check thus proved was rightly admitted as a test paper.

The subject of complaint in the 3d specification is the admission of Dr. Nicholas as a witness. As one of the administrators of Drips, he was a party to the suit; but under the provisions of the act March 27, 1865, that did not disqualify him. The main ground of objection to his competency was that his wife, being a niece of Drips and one of his heirs at law, was

interested in the estate. That objection was answered by proof of the fact that in February, 1883, she had sold and assigned all her interest in the mortgage in controversy. The assignment appears to have been made in good faith, and not for the purpose of making her husband a witness. She was not a party to the suit, and therefore on the authority of Steininger v. Hoch, 42 Pa. 432; Carter v. Trueman, 7 Pa. 315, 325, and other cases, she herself would have been a competent witness. In the case last cited, the question was as to the competency of a widow who had assigned her interest in a claim belonging to the estate of her deceased husband and it is there said: The fact that she assigned her interest in the fund sought to be recovered, to become a witness, or that the assignment may have been colorable, does not constitute a valid objection to her competency, for those are matters of which the court does not undertake to judge, except in case of parties to the record. In all other cases, they go rather to the credit than the competency of the witness. The proof of execution and delivering of the assignment, etc., was quite sufficient to remove any valid objection to the competency of the witness.

The letter referred to in the 4th specification was rightly admitted. The statement of Brant, therein contained, to one whom he recognized as his agent, in regard to the mortgage in question, was relevant and tended to show that the alleged assignment of July, 1874, written by Brant himself, had no existence when the letter was written, some five or six years after the date of the assignment. But it said Brant's letter was not evidence against his wife to whom it is alleged the mortgage had been assigned. A sufficient answer to that suggestion is, that Mrs. Brant was not a party to the record. Her husband, as a defendant in the action of ejectment, was endeavoring to defeat a recovery of the mortgaged premises by the administrators of the mortgagee, by attempting to show that the mortgage had been assigned to his wife, by a paper, the body of which, at least, was in his own handwriting. The validity of that paper was the controlling question of fact in the case. Brant's declarations, tending to show that no such paper was in existence at the time it bears date and for six years thereafter, were clearly evidence against himself; and against his wife also, if made with her knowledge and free consent.

In response to the request of the defendant below, the learned

judge instructed the jury as follows: "If there was an absolute gift of the principal of the mortgage to Mrs. Brant, executed and delivered, no action or declaration of her husband thereafter could revoke the rights of the wife, unless the acts were done with her free consent and without compulsion of her husband." The jury having been thus instructed as requested by plaintiff in error, he has no just ground of complaint. He was permitted to defend upon the allegation of title in his wife. In doing so he relied on a paper in his own handwriting; unattested, unacknowledged, and having upon its face marks of suspicion. The burden was on him to show a valid, subsisting title in his wife, and if he had succeeded in doing so, the verdict, under the instructions of the court, would have been in his favor.

There was no error in admitting testimony to show that Drips was in the habit of writing his name on pieces of paper, and carelessly leaving the same where they could be readily obtained and improperly used. The theory of plaintiffs below was that the alleged assignment to Mrs. Brant was fraudulent; that the signature of Drips was either a forgery, or that Brant, having obtained a genuine signature fraudulently, wrote the assignment to his wife over the same. The testimony complained of tended to sustain the latter position, and was, therefore, properly admitted. The alleged assignment bears upon its face indications of its having been written over an existing signature. One of the experts testified, in substance, that it was unnaturally written on a sheet of paper turned upside down, and had "the appearance of having been extremely crowded to get the writing into a limited space." In all such inquiries great latitude in the admission of testimony is neither unreasonable nor improper. The 5th assignment is not sustained.

The testimony complained of in the 6th specification was calculated to aid the jury in their inquiry as to the true character of the alleged assignment and was therefore, properly received.

There is nothing in the remaining specifications that requires special notice. Neither of them is sustained.

Judgment affirmed.